HOSPITAL EMPLOYEES' DIVISION OF LOCAL 79, SERVICE EMPLOYEES INTERNATIONAL UNION, AFL–CIO, et al., Plaintiffs–Appellants,

v.

MERCY–MEMORIAL HOSPITAL CORPORATION, et al., Defendants–Appellees.

No. 88–1041.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 18, 1988.

Decided Dec. 6, 1988.

Christopher P. Legghio (argued), Russell S. Linden, Maria M. Fernandez, Miller, Cohen, Martens & Ice, Southfield, Mich., for plaintiffs-appellants.

Charles F. Glass, Schureman, Frakes, Glass & Wulfmeier, David M. Ottenwess (argued), Schureman, Frakes, Glass & Wulfmeier, Detroit, Mich., for defendants-appellees.

Before MERRITT, MARTIN and MILBURN, Circuit Judges.

MERRITT, Circuit Judge.

The parties present two issues on appeal. First, whether a cause of action alleging management bribery of a union employee under section 302 of the Labor Management Relations Act of 1947, 29 U.S.C. § 186 (making it illegal for an "employer to pay ... any money or other thing of value ... to any employee ... in excess of [his] normal compensation for the purpose of causing such employee ... to influence any other employees in the exercise of the right to organize and bargain collectively"), is "preempted" by a section 8 NLRB unfair labor practice proceeding under the National Labor Relations Act, 29 U.S.C. § 158. Second, whether the Union as plaintiff has sufficiently alleged in its complaint two predicate offenses to support a claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.*

The District Court dismissed the Union's section 302 claim under Fed.R.Civ.P. 12(b)(1). The court concluded that the Union attempted to circumvent the exclusive jurisdiction of the NLRB by bringing this section 302 action alleging management payments to employees to rid the company of the Union. The District Court dismissed the Union's RICO claim under Fed.R.Civ.P. 12(b)(6), holding that the predicate acts as alleged were committed during the course of a *single scheme* and did not constitute a "pattern" of racketeering.

The plaintiffs-appellants are a labor union, Hospital Division of Local 79 of the Service Employees International Union, AFL–CIO, and some of its members. Local 79 is the certified exclusive bargaining representative of the employees of the defendant-appellee Mercy–Memorial Hospital, a privately owned, non-profit hospital in Monroe, Michigan. Defendant Richard Hiltz is the administrator of Mercy.

In September 1985, Susan Dorsey, an employee of Mercy, filed a decertification petition that the Union now alleges was the result of illegal payments made by Mercy in violation of section 302 of LMRA. The Union filed a complaint with the NLRB, alleging that Mercy violated section 8(a)(1) of the NLRA by providing more than "ministerial aid" to a decertification petitioner. The NLRB investigated the complaint. In his summary report, the Regional Director, in the exercise of prosecutorial discretion, concluded that the section 8(a)(1) charge should not be brought because Mercy and its attorneys did not improperly interfere with or restrain the employees in the free exercise of their labor rights. The Director believed that the employees had already freely decided to seek a decertification election and that any aid given by Mercy's lawyers to Dorsey in the form of assistance in the brief writing process would not interfere with the employees' free exercise of their section 7 rights. The NLRB's Office of Appeals approved this dismissal at the end of December 1986.

On December 4, 1986, the Union filed the complaint in this case. Count I alleges that Mercy violated section 302(a)(3) of the Labor Management Relations Act, 29 U.S.C. § 186(a)(3); Counts II and III alleged violations of RICO, 18 U.S.C. § 1961, by virtue of two separate violations of LMRA; Count IV alleged tortious interference with economic relations, a claim which is not a subject of this appeal.

▇ The Union alleges that Mercy "has provided and is providing financial assistance and/or other things of value to Susan Dorsey in excess of her normal compensation in support of her efforts to decertify Local 79." Plaintiffs' Complaint, paragraph 48. The Union also alleges that "Mercy–Memorial provided financial assistance and/or other things of value to Nolan Smallwood in support of his efforts to de-

certify Local 79." Plaintiffs' Complaint, paragraph 34. This last allegation refers to a decertification petition filed with the NLRB in January 1983 by Nolan Smallwood, an employee of Mercy. The Smallwood petition was allegedly filed two years before the Dorsey petition. The District Court agreed with Mercy in characterizing the allegations in the Union's complaint as claims of unfair labor practices, claims the court held were subject to the exclusive jurisdiction of the NLRB.

The fundamental flaw in the District Court's analysis is its application of the preemption doctrine to the facts of this case. Congress created the NLRB to administer the new regulatory structure established in the National Labor Relations Act. The federal scheme was designed to achieve uniformity in our national labor policy. *See San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 242–43, 79 S.Ct. 773, 778–79, 3 L.Ed.2d 775 (1959); *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 748–49, 105 S.Ct. 2380, 2393–94, 85 L.Ed.2d 728 (1985). The need for a centralized administrative agency to enforce the Act was seen as crucial to achieving the desired national uniformity. 359 U.S. at 242, 79 S.Ct. at 778. The Supreme Court fashioned a special preemption doctrine to protect the centralization of administration envisioned by Congress. In *Garmon*, the Court held that "[w]hen an activity is arguably subject to § 7 or § 8 of the Act [NLRA], the *States* as well as the federal court, must defer to the exclusive competence of the National Labor Relations Board *if the danger of state interference* with national policy is to be averted." *Id.* 359 U.S. at 245, 79 S.Ct. at 779 (emphasis added). The *Garmon* and other doctrines are not designed to preempt other independent rights created by Congress, and we find no case authority holding that the doctrine preempts section 302.

Preemption is not a problem in the present case because section 302 is an independent liability-creating statute enacted by Congress to provide additional judicial remedies for certain wrongful conduct. *See Lingle v. Norge Div. of Magic Chef, Inc.*, — U.S. ——, 108 S.Ct. 1877, 1884,

100 L.Ed.2d 410 (1988) (claims "based on rights arising out of a [federal] statute designed to provide minimum substantive guarantees to individual workers" are normally characterized as independent and not preempted by other federal labor statutes). For more comprehensive descriptions of the four preemption doctrines developed by the federal courts in the labor field, *see McCall v. Chesapeake & Ohio Ry. Co.*, 844 F.2d 294, 299–301 (6th Cir.1988); *Jones v. Truck Drivers Local Union No. 299*, 838 F.2d 856, 868–75 (6th Cir.1988); Cox, *Recent Developments in Federal Labor Law Preemption*, 41 Ohio St. L.J. 277 (1980). Both section 302 of LMRA and section 8 of the NLRA may make similar conduct unlawful, but each provides an independent remedy. Section 8 is a general provision. In section 302 Congress has independently provided a judicial remedy for certain specifically described conduct. Using *Garmon* preemption against section 302 actions would effectively repeal section 302 because the conduct proscribed by section 302 is almost always arguably subject to sections 7 or 8 of the NLRA and, therefore, subject to the jurisdiction of the NLRB in an unfair labor practice proceeding. The preemption doctrine has no application to this case because Congress intended two separate but complimentary remedies. Count I of the Union's complaint is, therefore, remanded for further proceedings on the merits. We do not have before us any claim of res judicata or collateral estoppel and have no occasion to consider their application here.

The District Court also erred in its dismissal of the Union's RICO claims. The court held that the alleged racketeering activity occurred in the course of a single illegal scheme. Therefore, it concluded that a pattern of racketeering, which requires at least two predicate offenses, was not properly alleged. The court apparently saw the two separate allegations of attempts to decertify the Union through bribery, one by Smallwood in 1983, the second by Dorsey in 1985, as part of a single scheme by Mercy to finance attempts to decertify Local 79 as the collective bargain-

ing agent of the hospital employees. This view is in error. The complaint alleges two predicate acts of bribery as separate and independent wrongs. The fact that an employer has one overall purpose to get rid of a union does not conflate all of its alleged wrongful acts over a long period of time into only one RICO event. The two acts as alleged are independent and constitute two separate predicate acts under RICO. The acts are separate in time. The individual employees are different. Although they may be part of a single general purpose, they do not arise from a single set of facts constituting one transaction. As alleged they are separate offenses under section 302 and must be held to constitute separate predicate offenses under RICO.

Accordingly, the judgment of the District Court is reversed and the case remanded for further proceedings.